UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Respondent, | * | |
| | * | |
| v. | * | Criminal No. 87-00301-JLT |
| | * | |
| THOMAS RONALD THEODORE, | * | |
| | * | |
| Defendant/Petitioner. | * | |

ORDER

June 26, 2007

TAURO, J.

Upon consideration of the Parties' submissions, the court hereby orders:

1. As Defendant has replied to the Government's opposition brief, he must have been provided with a copy of that brief. Accordingly, Defendant's Motion for Relief [#14] is DENIED AS MOOT.

2. Defendant argues that this court was without subject matter jurisdiction to accept his plea.[1] In affirming this court's denial of the Defendant's July 7, 1999, Motion to Withdraw Guilty Plea, the First Circuit noted that his conviction was not suspect in light of Cleveland v. United States,[2] because the Information to which Defendant entered a guilty plea alleged mail fraud in seeking employment, not

---

[1] See United States v. Rosa-Ortiz, 348 F.3d 33, 36 (1st Cir. 2003) ("A federal court similarly lacks jurisdiction to enter a judgment of conviction when the indictment charges no offense under federal law whatsoever.").

[2] 531 U.S. 12 (2000) (ruling that fraud in applications for state licenses is not federal mail fraud).

simply mail fraud in seeking a medical license.[3]  Defendant's present claim fails for the same reason.  The First Circuit has ruled that the Information was not limited to the kind of allegations that the Court rejected in Cleveland, and this court therefore had subject matter jurisdiction to hear the case.

3. Defendant next argues that his conviction should be set aside as no charged offenses occurred within the relevant statute of limitations.  This argument fails as the one count in the September 1, 1987, Information alleged a mailing "[o]n or about December 2, 1983."[4]  This date falls within the five year statute of limitations,[5] and Defendant's asserted grounds for a Writ of Coram Nobis fails.

4. Defendant also argues that his counsel for his Motion to Withdraw Guilty Plea was inadequate as he failed to raise the Cleveland and statute of limitations issues.  This court has previously found this same counsel inadequate in his other representation of Defendant.[6]  But here, Defendant cannot make the showing that he was prejudiced by any inadequate assistance because the First Circuit addressed the Cleveland issue and because Defendant has no statute of limitations argument. Accordingly, Defendant's claim of inadequate assistance of counsel must fail.[7]

---

[3] United States v. Theodore, No. 00-1432, slip op. (1st Cir. Feb. 14, 2001).

[4] A copy of the Information can be located in the modern docket of this case as "Attachment 'A'" to Defendant's Motion for Leave to Withdraw a Guilty Plea (July 7, 1999).

[5] 18 U.S.C. § 3282 (2007).

[6] United States v. Theodore, 345 F. Supp. 2d 123, 130 (D. Mass. 2004) (ordering a new trial in Defendant's later conviction on the basis of inadequate assistance of counsel).

[7] See United States v. Theodore, 468 F.3d 52, 56 (1st Cir. 2006) (reversing the district court for failing to inquire into whether Defendant was prejudiced by the inadequate assistance of counsel).

5.  Because Defendant's petition fails on the merits, the court need not address other arguments that it is untimely or procedurally barred as an abuse of writ.

6.  For the reasons set forth above, Defendant's Petition for Writ of Coram Nobis [#11] is DENIED.

IT IS SO ORDERED.

    /s/ Joseph L. Tauro    
United States District Judge
