UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Respondent--Appellee, | * | |
| | * | Crim. No. 87-00301-JLT |
| v. | * | |
| | * | App. No. 07-2484 |
| THOMAS RONALD THEODORE, | * | |
| | * | |
| Defendant/Petitioner--Appellant. | * | |

ORDER

November 5th, 2007

TAURO, J.

On October 29, 2007, the United States Court of Appeals for the First Circuit forwarded to this Court a motion by appellant Thomas Ronald Theodore for leave to proceed on appeal in forma pauperis. For the reasons stated below, the Court denies the motion.

**Background**

In December 1987, Theodore pled guilty to an information alleging mail fraud, in violation of 18 U.S.C. § 1341. He was sentenced to two years probation and 500 hours of community service. In 1999, Theodore's then-counsel filed a motion to withdraw the plea. See United States v. Theodore, Crim No. 87-00301-JLT (docket entry dated 7/7/1999). Theodore argued that the information to which he had pled failed to charge a criminal offense. Treating the motion as one for a writ of coram nobis, the Court denied it. See id. [#5]. The First Circuit affirmed, explaining that the Supreme Court's holding in Cleveland v. United States, 531 U.S. 12 (2000), did not decriminalize the conduct underlying Theodore's guilty plea. See United States v. Theodore, App. No. 00-1432, slip op. (1st Cir. Feb. 14, 2001).

On January 22, 2007, Theodore, proceeding pro se, filed another petition for a writ of

coram nobis, see United States v. Theodore, Crim. No. 87-00301-JLT [#11], the denial of which he now seeks to appeal. He argued in his supporting memorandum that, in light of Cleveland, he "pled guilty to an offense that was subsequently determined not to be a crime." Pet.'s Mem. Supp. Pet. [#12] at 4. He reasoned that "[t]herefore the District Court was without subject matter jurisdiction to the information." Id. Attempting to distinguish the petition from the motion that he filed in 1999, he stated, "Petitioner has raised the issue of a jurisdictional defect in his petition. The issue of jurisdictional defect was not argued in the Appeals Court; and, was not specifically addressed by the Appeals Court." Pet.'s Reply [#16] at 1. Theodore also argued that his prosecution was barred by the statute of limitations, and that he received ineffective assistance from counsel. In an order dated June 26, 2007 [#18], the Court denied the petition, ruling that (1) the Court had subject matter to hear the case, as the First Circuit had already noted that Cleveland did not invalidate Theodore's conviction; (2) Theodore was prosecuted for conduct that occurred within the period of limitations; and (3) Theodore was not prejudiced by any inadequate assistance of counsel.

**Discussion**

Under the federal in forma pauperis statute, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). Regardless of any subjective good faith on the part of the appellant, "good faith" within the meaning of 28 U.S.C. § 1915(a)(3) is only demonstrated when a litigant seeks "appellate review of any issue not frivolous." Coppedge v. United States, 369 U.S. 438, 445 (1962).

Here, Theodore does not seek appellate review of any non-frivolous issue. The First

Circuit's earlier decision in this case unequivocally holds that Cleveland does not undermine the validity of the appellant's conviction.  Therefore, there is no question that this Court had jurisdiction over Theodore's criminal case.  Likewise, there is no question that Theodore was not prejudiced by his counsel's failure to use Cleveland as a basis for challenging Theodore's conviction.  Finally, the contention that the prosecution was barred by the statute of limitations is without merit.

## Conclusion

For these reasons, the motion to proceed on appeal in forma pauperis is DENIED.

The appellant may file a motion to proceed on appeal in forma pauperis in the First Circuit, provided that he does so in accordance with Fed. R. App. P. 24(a)(5).

The Clerk shall transmit a copy of the Order to the First Circuit.

IT IS SO ORDERED.

                                                    /s/ Joseph L. Tauro
                                                    United States District Judge